IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KAREN GITAU, <br><br> Plaintiff, <br><br> v. <br><br> LITTLE RIVER CAPITAL, <br><br> Defendant. | CIVIL ACTION NO. <br> 1:21-cv-00798-AT-RDC |

# FINAL REPORT AND RECOMMENDATION

Before the Court is Defendant Little River Capital's Second Motion to Dismiss. (Doc. 15). In this employment action, Plaintiff Karen Gitau brings claims for discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e–2000e-17. For the reasons below, the undersigned **RECOMMENDS** that the Second Motion to Dismiss be **GRANTED** and Plaintiff's Second Amended Complaint be **DISMISSED WITH PREJUDICE**.

## I. BACKGROUND

In February 2021, Defendant removed this action to federal court and filed a Motion to Dismiss Plaintiff's state-court complaint. (Docs. 1, 3). In the initial

complaint, Plaintiff asserted claims for discrimination under 42 U.S.C. § 1981 and Title VII related to her employment with Defendant. (*See* Doc. 1-1). On March 25, 2021, Plaintiff filed an Amended Complaint under Federal Rule of Civil Procedure 15(a)(1). (Doc. 5).

In April 2021, Defendant renewed its Motion to Dismiss, reasserting the same arguments that it had raised in its first Motion. (Doc. 6). The Court denied the first Motion to Dismiss as moot and instructed Plaintiff to file a response to Defendant's renewed Motion. (Doc. 8). Plaintiff filed a one-page response asking the Court to deny Defendant's Motion. (Doc. 9).

In September 2021, the undersigned issued a Report, (Doc. 10), recommending that Defendant's renewed Motion to Dismiss, (Doc. 6), be granted to the extent that Defendant was seeking a more definite statement under Federal Rule of Civil Procedure 12(e). There, the undersigned found that the Amended Complaint was an impermissible shotgun pleading because it included: factual allegations that were not arranged in any particular order; conclusory and rhetorical statements that could not state a claim; and references to incidents that did not appear to support any of Plaintiff's claims. (Doc. 10 at 11–12). The undersigned also identified several excerpts from the Amended Complaint and explained how they were deficient or failed to relate to Plaintiff's claims. (*Id.* at 12–13 & n.1). The undersigned recommended that Plaintiff be given an opportunity to replead her claims in a Second

Amended Complaint. (*Id.* at 13–14). If the District Judge adopted the Report, the undersigned directed Plaintiff to file a Second Amended Complaint using the Court's *Pro Se* Employment Discrimination Complaint Form with the following instructions:

> The Second Amended Complaint must comply in all respects with the directions on the *Pro Se* Complaint. . . . Plaintiff may attach a Statement of Essential Facts as contemplated by Paragraph 14 of the *Pro Se* Complaint. The undersigned encourages Plaintiff to review the legal standard provided above under Federal Rules of Civil Procedure 8(a) and 10(b) before filing her Second Amended Complaint. Plaintiff should strive to provide a fact-based description of the events that support her claims without using conclusory, vague, or rhetorical allegations. Plaintiff should also include all facts that she wishes the Court to consider, as allegations contained in prior pleadings but omitted from the Amended Complaint will not be considered. Plaintiff's Statement of Essential Facts should use numbered paragraphs for each specific factual allegation, and separate incidents or unrelated facts should not be grouped in the same paragraph. (*See, e.g.*, [Doc. 5] ¶ 8). Moreover, Plaintiff's facts should be organized in some logical order, such as by claim or chronologically. . . .
>
> Plaintiff is further **ADVISED** that she is not to attach or include any exhibits to the Amended Complaint, with the exception of documents that support the administrative exhaustion requirement of Title VII of the Civil Rights Act of 1964 or other applicable statute (i.e., Plaintiff's Charge of Discrimination filed with the [Equal Employment Opportunity Commission "EEOC"] and Notice of Right-to-Sue from the EEOC). *See* 42 U.S.C. § 2000e-5. Plaintiff may summarize the facts provided in those exhibits through her Statement of Essential Facts, as long as they are relevant to Plaintiff's claims for relief. Finally, Plaintiff is **ADVISED** that failure to file a timely Second Amended Complaint and follow these instructions could result in a recommendation that the Court dismiss this civil action.

(*Id.* at 14–16). In October 2021, the District Judge adopted the Report and Recommendation. (Doc. 13).

In November 2021, Plaintiff filed a Second Amended Complaint using the Court's *Pro Se* Employment Discrimination Complaint Form. (Doc. 14). Plaintiff indicated she was raising claims under Title VII only. (*See id.* at 1). In Paragraph 14, when asked to include the essential facts of her claims, Plaintiff noted that she had attached multiple documents, including a statement of the essential facts of her claims ("Statement of Essential Facts"); e-mails from Defendant's employees; health insurance invoices that Defendant sent to her; and text messages from Defendant's employees. (*Id.* at 7).

On November 23, 2021, Defendant filed the Second Motion to Dismiss, which is the subject of this Report. (Doc. 15). Plaintiff failed to respond, and the motion is now ripe for disposition.

## II.    LEGAL STANDARD

Under this Court's Local Rules, the Court may dismiss a case if a plaintiff "fail[s] or refuse[s] to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa. "Implicit in [a court's] instruction [to replead a shotgun pleading] is the notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of

4

monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008); *accord Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357–59 (11th Cir. 2018) (holding that dismissal with prejudice is warranted when the district court points out defects in a complaint and affords the plaintiff an opportunity to replead but the plaintiff files another shotgun complaint); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (suggesting that it is sufficient to give a plaintiff who has filed a shotgun pleading one chance to replead correctly). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); *see also Heard v. Nix*, 170 F. App'x 618, 619 (11th Cir. 2006) (affirming dismissal under LR 41.3 and Federal Rule of Civil Procedure 41(b) for failure to comply with court order).

The Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys, and accordingly, such pleadings are liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nonetheless, *pro se* litigants are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The leniency provided to *pro se* filings does not allow the Court to serve as *de facto* counsel for the plaintiff or to rewrite a deficient

complaint so that it states a viable claim. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014).

### III.   DISCUSSION

In the Second Motion to Dismiss, Defendant argues that Plaintiff attempted to amend her complaint four times and has failed to draft a pleading that complies with the federal rules.[1] (Doc. 15 at 1). Defendant argues that, aside from using the Court's *Pro Se* Form, Plaintiff completely ignored the instructions in the undersigned's September 2021 Report. (*Id.* at 2). Defendant argues that Plaintiff's Statement of Essential Facts includes facts that the undersigned already identified as not relevant to her claims. (*Id.* at 3). Defendant argues that Plaintiff's failure to comply with the Court's order should result in dismissal of her complaint, notwithstanding her *pro se* status. (*Id.* at 4).

As an initial matter, Plaintiff has not responded to Defendant's Motion to Dismiss. The undersigned previously advised Plaintiff that a lack of response to a motion shall indicate that it is unopposed. (*See* Doc. 10 at 8 (citing LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion")).

---

[1] Plaintiff filed her initial complaint in state court and, following removal to this Court, filed an Amended Complaint under Federal Rule of Civil Procedure 15(a)(1). (*See* Docs. 1-1, 5). In April 2021, Plaintiff attempted to file another amended complaint, which the Court struck as unauthorized. (*See* Docs. 6–7). While the September 2021 Report and Recommendation was pending, Plaintiff attempted to file another amended complaint. (*See* Doc. 12). The District Judge struck that filing because it did not comply with the undersigned's directives and was filed without the Court's leave. (Doc. 13 at 2).

6

Further, the undersigned advised her that, while the Court would consider the merits of Defendant's motion independently because of her *pro se* status, it did not have a burden to address every potential argument that could be made. (*See id.* at 9). Nevertheless, in light of Plaintiff's *pro se* status, the undersigned will conduct a brief analysis to determine whether dismissal is appropriate. *See Simpson v. Countrywide Home Loans*, No. 1:11-CV-0224-CAM-ECS, 2010 WL 3190693, at *3 (N.D. Ga. Apr. 26, 2010) (holding that "unopposed" under Local Rule 7.1(B) does not mean the non-responsive party "abandoned" its claims in the motion-to-dismiss context).

The undersigned concludes that Plaintiff's Second Amended Complaint should be dismissed with prejudice for failure to comply with the Court's lawful order. Plaintiff has made no real attempt to remedy the pleading deficiencies outlined in the September 2021 Report. The Statement of Essential Facts filed with Plaintiff's Second Amended Complaint fails to follow the undersigned's directions as it: (1) includes separate incidents and unrelated facts within the same paragraphs; (2) includes facts that the undersigned already identified as not relevant to the claims she was asserting—*i.e.*, facts related to her purported bad breath; (3) does not include numbered paragraphs for each specific factual allegation; and (4) is not organized in a logical order. (*See* Doc. 10 at 15; Doc. 14 at 7; Doc. 14-1 at 1–5).

Plaintiff has not made any substantive changes between her Amended Complaint and Second Amended Complaint. While she used the *Pro Se* Form as

directed, the Statement of Essential Facts contains the same allegations as the Amended Complaint. The allegations in the Second Amended Complaint are rearranged—not in a manner that makes them easier to decipher—and the numbering was removed—in direct contravention to the Court's directions. (*Compare* Doc. 5, *with* Doc. 14). Moreover, Plaintiff filed numerous exhibits not related to exhaustion of her administrative remedies and failed to include the attachments the Court directed her to include—specifically, her Charge of Discrimination and Notice of Right-to-Sue from the EEOC. (*See* Doc. 10 at 15; Doc. 14-1 at 6–7; Doc. 14-2; Doc. 14-3).

Because Plaintiff failed to follow the instructions in the Court's order, her Second Amended Complaint remains deficient in the same ways as her Amended Complaint. Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's Second Motion to Dismiss with respect to Plaintiff's Second Amended Complaint.

## IV.   CONCLUSION

Based on the reasons above, the undersigned **RECOMMENDS** that Defendant's Second Motion to Dismiss, (Doc. 15), be **GRANTED**. Because Plaintiff was previously offered an opportunity to amend, the undersigned **RECOMMENDS** that this action be **DISMISSED WITH PREJUDICE**. *See Byrne*, 261 F.3d at 1133; *Jackson*, 898 F.3d at 1357–59; *Bryant*, 252 F.3d at 1163.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

IT IS SO **RECOMMENDED** on this 7th day of April 2022.

                                                                          *R. Cannon*
                                                                          REGINA D. CANNON
                                                                          United States Magistrate Judge